**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JAN 15 2019

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GURPARTAP SINGH,

                Petitioner,

   v.

MATTHEW G. WHITAKER, Acting
Attorney General,

                Respondent.

No.   16-73500

Agency No. A200-943-733

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 18, 2018
San Francisco, California

Before:  M. SMITH and NGUYEN, Circuit Judges, and RESTANI,[**] Judge.

Petitioner Gurpartap Singh, a native and citizen of India, appeals the denial

of his application for asylum, withholding of removal, and relief under the

Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252

(a)(1) and deny the petition because substantial evidence supports the Board of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

Immigration Appeals' ("BIA") decision.

The BIA found Singh's explanations not credible on the basis of several discrepancies and omissions. Credibility decisions are made based on the totality of the circumstances under 8 U.S.C. § 1158(b)(1)(B)(iii) and are reviewed for substantial evidence. Soto-Olarte v. Holder, 555 F.3d 1089, 1091 (9th Cir. 2009) (specifying the substantial evidence review standard for adverse credibility decisions).

Substantial evidence supports the BIA's determination that Singh's testimony is not credible. Although inconsistencies with his documentation may be insufficient to negatively impact his asylum claim on their own, Singh's failure to mention his arrest and beatings by police during his credible fear interview in conjunction with these documentation issues, although borderline, is sufficient to support the BIA's adverse credibility determination. Our precedent acknowledges that differences in testimony given during an informal proceeding and a removal hearing are not enough to sustain an adverse credibility determination. See Joseph v. Holder, 600 F.3d 1235, 1242–43 (9th Cir. 2010) (finding an adverse credibility determination unsupported by substantial evidence when based on differences between testimony given in a bond hearing and removal hearing). Various procedural safeguards, however, were in place during the credible fear interview such that Singh's failure to mention the overnight detention and altercations with

2

the police is a significant omission.  <u>See</u> Red Br. at 29–30.

Because Singh is unable to show that he is eligible for asylum, it follows that he cannot meet the higher standard for withholding of removal.  <u>See</u> 8 C.F.R. § 208.16(b); <u>see also</u> <u>Kalmalthas v. INS</u>, 251 F.3d 1279, 1283 (9th Cir. 2001) (holding that a petitioner must show that he is more likely than not to be persecuted on account of a protected ground to be eligible for withholding of removal).

Singh is not entitled to CAT relief because he failed to show that it is more likely than not that he would be tortured if returned to India.  Substantial evidence supports the BIA's conclusion that nothing in the record satisfies this standard. Without credible testimony, neither the country reports nor statements from friends and family members support the inference that his risk of facing torture in India is more likely than not.

**PETITION DENIED**.